# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23467921**
**Date Processed: 07/12/2021**

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | CSC Test<br>Arlette Willis<br>Bishop Martin<br>Salem Desir<br>Sonja Jackson |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service Inc |
| **Title of Action:** | Jimmie Lucas vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Jimmie Lucas vs. United Parcel Service, Inc. (11389990) |
| **Document(s) Type:** | Amended Complaint/Petition |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Lexington County Court of Common Pleas, SC |
| **Case/Reference No:** | 2021-CP-32-02203 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 07/09/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Iris W. Ray<br>803-799-9530 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# C | B | P | H

## CROMER BABB PORTER & HICKS, LLC
*Attorneys and Counselors at Law*

J. Lewis Cromer * Julius W. Babb, IV * J. Paul Porter * Ryan K. Hicks
Shannon M. Polvi * Samantha E. Albrecht * Elizabeth M. Bowen * Elizabeth S. Millender

July 7, 2021

<u>Certified Mail, Return Receipt Requested</u>        *Receipt #91 7199 9991 7037 2950 2342*
Corporation Service Company
Registered Agent for United Parcel Service, Inc.
508 Meeting Street
West Columbia, SC 29169

      Re:    *Jimmie Lucas and Clarence Wilson vs. United Parcel Service, Inc.*
              Case No. 2021-CP-32-2203

Dear Sir or Madam:

    Please find enclosed and served upon you as the Registered Agent for United Parcel Service, Inc. is a filed copy of the Amended Summons and Amended Complaint in connection with the above referenced matter. Please remit to United Parcel Service, Inc.'s legal representative as soon as possible.

    With kind regards, I remain

                                    Sincerely,

                                    *Iris W. Ray*

                                    Iris W. Ray
                                    Senior Litigation Paralegal

/iwr
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Jimmie Lucas and Clarence Wilson,<br><br>Plaintiffs,<br><br>v.<br><br>United Parcel Service, Inc.,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br>C/A No.: 2021-CP-32-02203<br><br><br><br>**CERTIFICATE OF SERVICE** |

This is to certify that the undersigned employee of Cromer Babb Porter & Hicks, LLC, did cause to have served on July 7, 2021, a copy of the Amended Summons and Amended Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following at the below indicated address:

**_Certified Mail, Return Receipt Requested_**     *Receipt #91 7199 9991 7037 2950 2342*
Corporation Service Company
Registered Agent for United Parcel Service, Inc.
508 Meeting Street
West Columbia, SC 29169

_____
Iris W. Ray, Senior Litigation Paralegal

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Jimmie Lucas and Clarence Wilson,<br><br>Plaintiffs,<br><br>v.<br><br>United Parcel Service, Inc.,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br>C/A No.: 2021-CP-32-02203<br><br>**AMENDED SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Amended Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Amended Complaint, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

**CROMER BABB PORTER & HICKS, LLC**

BY: *s/Shannon Polvi*
Shannon Polvi (#101837)
1418 Laurel Street, Suite A
Post Office Box 11675 (29201)
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533
***Attorney for Plaintiff***

July 7, 2021
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Jimmie Lucas and Clarence Wilson, Jr.<br><br>      Plaintiffs,<br><br>v.<br><br>United Parcel Service, Inc.,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br>C/A No.: 2021-CP-32-02203<br><br><br>**AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

## EMPLOYMENT CASE

Plaintiffs, complaining of Defendant herein, would respectfully allege as follows:

### PARTIES & JURISDICTION

1. Plaintiffs Jimmie Lucas and Clarence Wilson, Jr. ("Plaintiffs") are citizens and residents of Lexington County, South Carolina.

2. Defendant United Parcel Service, Inc. ("Defendant") is a company operating in the State of South Carolina, does business in Lexington County, and has offices, agents, and employees in the State of South Carolina.

3. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10 *et seq.*; and the common law of South Carolina. The causes of action are pled individually and, in the alternative, where necessary.

4. Defendant is an "employer" within the meaning of the FLSA and SCPWA.

5. Plaintiffs are "employees" of Defendant within the meaning of the FLSA and SCPWA.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

1

6.   Venue is proper because the Plaintiffs are employed by Defendant in Lexington County and the majority of the acts giving rise to this action occurred in Lexington County.

## FACTUAL ALLEGATIONS

7.   Plaintiffs are drivers for Defendant.

8.   Plaintiffs are long term employees of Defendant, with decades of experience.

9.   Defendant has engaged in a pattern and practice of not paying its drivers at the 124 Creekside, Road, West Columbia 29172 location for all time worked.

10.  Defendant has failed to pay Plaintiffs, and their peers, for equipment preparation time. The scope of unpaid work time at issue is (1) the drivers' start work time, which includes the first half hour of each workday with duties including building the loads and pre-staging the loads that will be delivered by the drivers, and (2) the conclusion of work time when the drivers return to the facility and are required to perform an end of shift work routine, including completion of the mileage sheet and turning it in to the dispatch office, which is required daily.

11.  Defendant still requires the Plaintiffs to punch in with a timeclock and perform services for the benefit of Defendant and yet not pay Plaintiffs wages for those mandatory duties.

12.  The paperwork relevant to this unpaid work time includes the timeclock records, mileage sheets, and the records maintained on the Acquisition ELD Device.

13.  Plaintiffs are union members with the International Brotherhood of Teamsters, Local Chapter 509. Plaintiff Jimmie Lucas has served as the union shop steward for about thirty-four years.

14.  Plaintiffs have exhausted their rights under their collective bargaining agreement, including but not limited to a deadlocked national panel between March 9-12, 2020.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

15. Plaintiffs have each filed over 83 separate grievances a piece, seeking correct wage payment. Each separate grievance carries a four (4) hour per week penalty under those circumstances and would be stacked on top of each other, turning into a significant number of penalties owed by Defendant to Plaintiffs.

16. After one of those grievances, on February 26, 2019, the labor manager stated that he did not know why Plaintiffs were grieving the unpaid wages because Defendant was purportedly paying Plaintiffs correctly at that time. For a brief time around that time, Defendant issued correct paychecks. Defendant has regressed to no longer paying wages for the required and compensable worktime.

17. Without the benefit of all of the documentation yet available to them for calculation purposes, Plaintiff Jimmie Lucas calculates his base shortage number at $12,929.60 and Plaintiff Clarence Wilson calculates his base shortage number at $15,220.55.[1]

18. There are at least five other employees at Plaintiffs' workplace that have suffered similar unpaid wage damages.

19. Defendant's managers and representatives have repeatedly threatened both Plaintiffs with demands that they cease seeking proper wage payment.

20. Both Plaintiffs have suffered retaliatory conduct with regard to adverse changes to their work schedule and leave time.

21. On May 18, 2021, Plaintiffs were called into the office in the morning, and both were issued a warning letter by supervisor, Haven Holmes, per instruction from Jimmy Forback, Feeder Manager, for putting the entries of the time they were working on the clock on their mileage

---

[1] These numbers are increasing on a daily basis and are subject to discovery for further calculations.

3

sheets to be paid for the time. Plaintiffs were told not to put anything down for the first 30 minutes on the clock and they were told that it would continue to be unpaid. Plaintiffs also received the warning letters in the mail in the following days.

22. On May 19, 2021, Plaintiffs were again called into the office in the morning, and both were issued a 3-day suspension for documenting the time that they had been working at the start of work. Plaintiff Jimmie Lucas asked when the suspension was effective, and Haven Holmes said it was to be determined. Again, this suspension was issued per instructions from Jimmy Forback.

23. On May 25, 2021, Plaintiffs were again called into the office in the morning and Plaintiffs were told that they were terminated. Plaintiff Jimmie Lucas again asked when it was effective and again told it was to be determined. Plaintiffs both agreed to follow instructions to not document their work time in order to keep from being terminated for insubordination or not following instructions about their paychecks. Plaintiffs continued to keep records on a separate sheet and put only what they were allowed to document on the sheets that they turned in because of the express ultimatum that if they turned in the payroll documentation reflecting overtime to which they were owed they would be fired.

24. Plaintiffs met with Jimmy Forback the following morning. Plaintiff Jimmie Lucas asked what was going on with the working terminations and Jimmy Forback responded that if Plaintiffs followed instructions and stopped putting the entries of when they were working on the sheets then everything would be just fine. Plaintiffs agreed that they would not write on their sheets submitted to Defendant for payment, but they would continue to enter their work time in the electronic recording devices, and they would continue to grieve for correct pay. Plaintiffs have done so since then but are aware that they are being watched closely.

25. To the extent of Plaintiffs' knowledge, Jimmy Forback was originally the author of many different mileage sheets, and he was responsible for starting the changes in pay based on instructions from the Labor Manager Lester Grant. Jimmy Forback was promoted shortly after basically forcing this mandate on the mileage drivers at the Plaintiffs' work location.

26. These discipline and termination threats have caused both Plaintiffs emotional distress. Both fear that finalization of the 'working termination' is imminent. Defendant's management is intentionally placing them in fear that if they seek payment for the overtime for which they are owed that termination will be the result. This emotional distress has impacted the Plaintiffs' daily work environment, as well as their home lives. Plaintiffs have suffered sleepiness, anxiety for personal finances, and sadness.

27. Plaintiffs requests the Court order specific performance of Defendant to immediately and henceforth pay the drivers at 124 Creekside, Road, West Columbia 29172 for all compensable work time, to include paid time for all work Defendant wants the drivers to complete as part of the job responsibilities and cease threats of termination for wage complaints.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act- Failure to Pay Overtime Wages, 29 U.S.C. § 201 *et seq.*)**

28. Where consistent herewith, Plaintiffs reallege the foregoing paragraphs.

29. Plaintiffs are non-exempt hourly employees of Defendant.

30. Throughout the last three years, Defendant did not pay Plaintiffs for overtime worked for which Plaintiffs provided work for the benefit of Defendant.

31. Plaintiffs accrued compensable work time for which they have not been paid, such time amounts to overtime at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty hours per week.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

32. Defendant failed to compensate Plaintiffs for overtime worked as required by the FLSA.

33. Such actions by Defendant, were performed willfully, intentionally, knowingly, and in bad faith, are in violation of the FLSA.

34. The work and pay records of Plaintiffs are in the possession, custody, and, control, or any of the above of Defendant, and Defendant is under a duty pursuant to 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained.

35. Plaintiffs are entitled to lost wages, compensatory damages, liquidated damages, front pay, attorneys' fees and costs, and any other legal or equitable remedies available under the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act- Section 15(a)(3) Retaliation)**

36. Where consistent herewith, Plaintiffs reallege the foregoing paragraphs.

37. Section 15(a)(3) of the FLSA provides in pertinent part that an employer shall not "discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act."

38. Plaintiffs' actions in reporting the matters referred to herein and repeatedly filing grievances for unpaid overtime wages constitute protected activities under the FLSA and the resulting retaliatory treatment, including but not limited to harassment on the job, adverse scheduling, adverse leave request impacts, and threats of termination are caused by Plaintiffs' reports and actions taken in opposition to Defendant's efforts to ignore or reject their obligations

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

under FLSA for the purpose of saving Defendant overtime wages that belong to its employees who have worked for and deserve that compensation.

39. That as a direct and proximate result of the Defendant's retaliation and actions taken in their official capacities and in the course of their duties, Plaintiffs have sustained lost wages, as well as attorney's fees and costs. Plaintiffs also seek emotional distress damages for the physical and emotional strains they have been subjected to while seeking overtime payment, also the embarrassment and humiliation, past, present and future. Plaintiffs are also entitled an award of liquidated damages and punitive damages.

## FOR A THIRD CAUSE OF ACTION
(South Carolina Payment of Wages Act Violations, S.C. Code Ann. § 41-10-10, et seq.)

40. Where consistent herewith, Plaintiffs reallege the foregoing paragraphs.

41. Defendant violated Plaintiffs' rights under the SCPWA, S.C. Code Ann. § 41-10-10 *et seq*.

42. Defendant required Plaintiffs to work "off the clock," and did not pay them for all services rendered for the benefit of Defendant.

43. Defendant failed to pay Plaintiffs for time worked, which they are entitled to receive in a timely fashion in the next paycheck after the hours were worked, as required by S.C. Code Ann. § 41-10-40 and -50.

44. Plaintiffs have repeatedly sought timely payment of the unpaid wages. Defendant continues to refuse and Defendant's failure to pay the Plaintiffs all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

45. Pursuant to S.C. Code Ann. § 41-10-80, Plaintiffs are entitled to the unpaid wages including three times the amount of wages to which they are owed (treble damages), attorney's fees, and costs for this specific cause of action.

### FOR A FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

25. Where consistent herewith, Plaintiffs reallege the foregoing paragraphs.

26. Defendant made an unambiguous promise to pay the Plaintiffs for required work time. This promise is evidenced by the labor manager's statements and the rare occasions that Defendant has paid the required work time over the last three years.

27. Plaintiffs reasonably relied upon the promises of Defendant to be paid for all work required of them.

28. Such reliance by Plaintiffs is expected and foreseeable by Defendant, who should fully expect an employee to rely on promises to pay the employee for mandatory job duties and responsibilities.

29. As a direct and proximate result of the reliance on these promises, Plaintiffs have been deprived of proper income and reimbursements, back pay, lost retirement contributions and accrual, future damages, and any other economic or equitable remedies available, including but not limited to specific performance and reclassification of the position. Plaintiffs also seek reasonable attorney's fees and the costs of this action and any prejudgment interest allowed under the law and a tax offset for the increased tax consequences of a lump sum wage award.

### FOR A FIFTH CAUSE OF ACTION
### (Quantum Meruit)

30. Where consistent herewith, Plaintiffs reallege the foregoing paragraphs.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

31. Defendant has received the benefit of Plaintiffs performing duties daily including for time that was worked but remains unpaid.

32. Despite not having to pay any other employee to conduct Plaintiffs' duties, Defendant has not paid Plaintiffs the rightfully earned compensation.

33. Defendant's retention of Plaintiffs' hard work without paying for its value through proper compensation constitutes an unjust enrichment for which relief is sought.

34. As a direct and proximate result of the Quantum Meruit claim referred to herein, Plaintiffs are entitled to judgment against Defendant for the full value of the services rendered by Plaintiffs from the time when the Plaintiffs began such unpaid morning duties, to include lost income and reimbursements, back pay, lost retirement contributions and accrual, future damages, and pre-judgment interest thereupon and a tax offset for the increased tax consequences of a lump sum wage award.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Jimmie Lucas and Clarence Wilson seek equitable relief with a Court order requiring Defendant United Parcel Service to pay Plaintiffs and their peers for all compensable work time to include the mandatory morning prep time at issue in this case. Plaintiffs further pray for judgment against Defendant for the actual damages of the unlawful actions alleged in this action. Plaintiffs are further entitled to compensatory damages, liquidated damages, punitive damages, equitable relief, all wage damages, loss of earning capacity, loss of retirement and other benefits, reputational losses, and mental and emotional distress. Plaintiffs also pray for pre-judgment interest on all damages, tax offset for the award, attorney's fees, costs of this action, and any such other relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

ELECTRONICALLY FILED - 2021 Jul 07 2:11 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3202203

                        **CROMER BABB PORTER & HICKS, LLC**

                    BY: *s/Shannon Polvi*
                        Shannon Polvi (Bar #101837)
                        1418 Laurel Street, Suite A (29201)
                        Post Office Box 11675
                        Columbia, South Carolina 29211
                        Phone  803-799-9530
                        Fax     803-799-9533
                    *Attorney for Plaintiff*

July 7, 2021
Columbia, South Carolina

C|B|P|H
CROMER BABB PORTER & HICKS, LLC
Attorneys and Counselors at Law

1418 Laurel Street, Suite A
PO Box 11675
Columbia, SC 29211

CERTIFIED MAIL

91 7199 9991 7037 2950 2342

FIRST-CLASS
$ 007.36
JUL 07 2021
MAILED FROM ZIP CODE 29201

Corporation Service Company
Registered Agent for United Parcel Service, Inc.
508 Meeting Street
West Columbia, SC 29169